**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

OSCAR LINIER ALMANZA PAEZ,

      Petitioner,

v.                              No. 1:26-cv-00368-MLG-GBW

DORA CASTRO, Warden of Otero
County Detention Facility; et al.,

      Respondents.

**<u>ORDER FOR SUPPLEMENTAL BRIEFING</u>**

On February 11, 2026, Petitioner Oscar Linier Almanza Paez filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging the lawfulness of his immigration detention at Otero County Processing Center without an individualized custody determination or a reasonably foreseeable timeline for removal. *Id.* at 2-3 ¶¶ 1-2. As a remedy to these alleged due process and Immigration and Nationality Act ("INA") violations, he requested that the Court order his immediate release from federal immigration custody—or, in the alternative, a bond hearing at which "the government bears the burden to prove flight risk and dangerousness by clear and convincing evidence[.]" *See id.* at 8-11 ¶¶ 27-41; *see also id.* at 11 (asking the Court for related injunctive relief). Respondents' position was that Petitioner was "subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), because he was present in the United States without being admitted or paroled." (citing *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 228 (BIA 2025)).

On July 31, 2026, the Court ordered both Parties to report on the present status of Almanza Paez's federal immigration detention. Doc. 8. On August 5, 2026, Respondents informed the Court that Almanza Paez "is currently being extradited to the Manatee County Jail in West

1

Bradenton, Florida" and "no longer in the custody of the Department of Homeland Security." Doc. 9 at 1.

The Court requires further briefing to determine whether it retains jurisdiction over this habeas matter. Almanza Paez may have been transferred to a detention center in Florida for completion of a state criminal matter—but that information, on its own, does not clarify whether primary jurisdiction over Almanza Paez's detention remains with the federal courts or has been fully relinquished to the state. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (explaining that the court has jurisdiction to adjudicate a habeas petition only when (1) the proper respondent is named on the petition; and (2) the court has jurisdiction over the named respondent); *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. July 24, 2015) (Mem.) ("'[I]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief' and 'is not destroyed by a transfer of the petitioner.'" (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))); *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) ("The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant" (first citing *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922), then citing *Rawls v. United States*, 166 F.2d 532, 533 (10th Cir. 1948)); *Hayward v. Looney*, 246 F.2d 56, 57-58 (10th Cir. 1957) ("Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody."); *Hernandez v. U.S. Att'y Gen.*, 689 F.2d 915, 919 (10th Cir. 1982) ("The law of comity is such that . . . two sovereigns may decide between themselves which shall have custody of a convicted prisoner; however, the sovereign having prior

2

jurisdiction need not waive its right to custody.").

Both Parties shall provide supplemental briefing on this subject no later than Monday, August 17, 2026, at 5:00pm MT. The briefing must answer the following questions:

- Does the Court retain jurisdiction over Almanza Paez's Petition for Writ of Habeas Corpus Doc. 1?

- Is Almanza Paez's transfer to state custody temporary pending the completion of a court-ordered appearance (for example, pursuant to a state writ of habeas corpus ad prosequendum)? Or did the U.S. Department of Homeland Security relinquish or transfer its primary custody over Almanza Paez to the State of Florida?

- If the transfer is temporary, when is Almanza Paez's final revocation hearing scheduled for? *See generally* Doc. 9-1 at 2-3 (ordering Almanza Paez's arrest for violating the conditions of his state probation). What is the timeline for his transfer back into federal immigration custody?

In addition to answering the jurisdictional and custodial questions above, Almanza Paez's counsel shall also show cause as to why he failed to provide the last status report ordered by the Court. *See generally* Doc. 8.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

3