**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OSCAR LINIER ALMANZA PAEZ,

Petitioner,

v. No. 1:26-cv-00368-MLG-GBW

DORA CASTRO, Warden of Otero
County Detention Facility; et al.,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Oscar Linier Almanza Paez filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging his allegedly unlawful and unconstitutional immigration detention at Otero County Processing Center. *Id.* at 1. He asked the Court for (1) immediate release to remedy his "prolonged detention without adequate procedural safeguards[;]" and (2) an injunction enjoining his transfer outside of the District throughout the pendency of his habeas action. *Id.* at 3 ¶ 4; Doc. 5. The United States Attorney's Office for the District of New Mexico ("USAO") responded on behalf of Federal Respondents,[1] arguing that Almanza Paez's mandatory detention was lawful "because he was present in the United States without being admitted or paroled." Doc. 7 at 1 (citing 8 U.S.C. § 1225(b); *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 228 (BIA 2025)).

On July 31, 2026, the Court ordered both parties to provide a status update regarding Almanza Paez's federal immigration detention. Doc. 8. Respondents informed the Court that Almanza Paez was being extradited to the Manatee County Jail in West Bradenton, Florida in compliance with a state warrant for his arrest for allegedly violating the conditions of his probation.

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than Dora Castro, Warden of the Otero County Processing Center.

Docs. 9, 9-1; *see also* Doc. 12 at 2 (indicating that a full extradition proceeding was not required because Almanza Paez consented to his transfer). In response to a Court order for supplemental briefing on jurisdiction, both parties stipulated that despite Almanza Paez's transfer from federal immigration custody to the State of Florida, the Court retains jurisdiction over this habeas matter. *See* Doc. 10; Doc. 11 at 2 ("[A]lthough Petitioner was transferred from physical federal immigration custody to state custody, his immigration detention remains an active issue . . . subject to federal immigration detention upon conclusion of [his] state proceedings."); Doc. 12 at 1 ("Respondents agree with Petitioner that this Court retains jurisdiction because jurisdiction arises in the district of confinement when the petition was originally filed.") (citing *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. July 24, 2015) (Mem.); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)). Respondents acknowledged that controlling law in the Tenth Circuit had evolved since their initial response to the Petition, and therefore, should the Court decide to grant the Petition, "the appropriate relief would be an Order directing the Respondents . . . [to] provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)[.]" Doc. 12 at 3 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)); *see generally Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The parties' supplemental briefing acknowledges that Almanza Paez remains subject to federal immigration custody upon completion of his state proceeding, and the Court agrees with the parties that it retains jurisdiction over this habeas matter. *See* Doc. 11 at 4; Doc. 12 at 1-2; *see generally Hayward v. Looney*, 246 F.2d 56, 57-58 (10th Cir. 1957) ("Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity

and is to be determined by the sovereign having custody."). The Court disagrees, however, that 1226(a) governs Almanza Paez's federal immigration detention. *See* Doc. 1 at 9-10 ¶¶ 38-41; Doc. 12 at 3.

The record before the Court indicates that Almanza Paez has a criminal history.[2] Doc. 7-1 at 2-3. In fact, Almanza Paez was extradited to Florida because the State Department of Corrections issued a warrant for his arrest for violating the conditions of his probation. *See* Doc. 9 at 1; Doc. 9-1 at 2-3; Doc. 11 at 2; Doc. 12 at 1-3. This probationary period was ordered by Twelfth Judicial Circuit Court Judge Frederick P. Mercurio following Almanza Paez's entry of a plea of nolo contendere to one count of possession of methamphetamine and one count of petit theft ($100-$750). *See State of Florida v. AlmanzaPaez*, No. 2024CF003529AX (Fla. Cir. Ct. Sept. 9, 2026) (Manatee Cnty. Pub. Recs. Hub), Dkt. Nos. 56, 71. The plain language of § 1226(c) mandates pre-removal-order detention under such circumstances. *See* § 1226(c)(1)(E)(ii) (providing that the Attorney General "shall take into custody" any inadmissible or deportable noncitizen who "is charged with, is arrested for, is convicted of, . . . or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting"); § 1226(c)(1)(B) (mandating the same for noncitizens convicted[3] of a violation of any law relating to a controlled substance). Because Almanza Paez does not contest that he is inadmissible or deportable as contemplated by § 1226(c), nor does he challenge that he pled nolo contendere to state charges for theft and possession of methamphetamine, his detention is mandatory. Accordingly, the Court rejects

[2] Respondents reference Almanza Paez's criminal history in each of their court filings. *See* Docs. 7, 9, 12. Despite ample opportunity to do so, Almanza Paez does not object to Respondents' criminal history–related assertions. Indeed, Almanza Paez concedes that he "was transferred from federal immigration custody to the State of Florida so that he could address a pending criminal violation-of-probation matter." Doc. 11 at 1.

[3] Pursuant to 1182(a)(48)(A)(i), the term "conviction" includes circumstances under which a noncitizen enters a plea of nolo contendere or has admitted sufficient facts to warrant a finding of guilt.

Almanza Paez's arguments that he is eligible for release under § 1226(a). *See* Doc. 1 at 9-10 ¶¶ 38-41; *see also* § 1226(a) (precluding noncitizens subject to § 1226(c) from being released on bond or receiving conditional parole); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("Section 1226(c), however, carves out a statutory category of [noncitizens] who may not be released under § 1226(a).").

For these reasons, Almanza Paez's Petition for Writ of Habeas Corpus, Doc. 1, is denied.[4] A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[4] Now that the Court has denied his Petition, the relief Almanza Paez requests in his Emergency Motion to Order DHS Not to Transfer Petitioner Pending Resolution of Petition for Writ of Habeas Corpus ("Motion to Enjoin Transfer"), Doc. 5, is no longer available. Therefore, the Court dismisses the Motion to Enjoin Transfer as moot. *See Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the [request] becomes moot." (citation omitted)).